UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| TUA HELP SAVE EAST CLEVELAND PROJECT, | CASE NO. 1:14 CV 0858 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| v. | MEMORANDUM OF OPINION |
| XEROX CORPORATION, *et al.*, | |
| Defendants. | |

Plaintiff TUA Help Save East Cleveland Project a/k/a Pastor A. J. Thompson ("Plaintiff") filed a *pro se* civil action in the Cuyahoga County Court of Common Pleas against Xerox Corporation c/o CEO Ursula Burns and Director Kevin Lafeber, American Traffic Solutions, Inc. ("ATS"), ATS CEO James D. Tuton, ATS Executive Vice President Adam E. Tuton, Cleveland Branch NAACP, City of East Cleveland c/o Mayor Gary Norton, Jr., East Cleveland Municipal Court c/o Wendy Howard, City of Cleveland, and Cleveland Clerk of Court on March 24, 2014.[1]

---

[1]Plaintiff filed Notice of Amendment to his pleading on April 16, 2014. The amendment joined Sam Jodka as a "necessary plaintiff." He also sought to add fifteen members of the City of Cleveland Law Department and "all associated persons" as Defendants. Although these Defendants are not listed on the Common Pleas Court docket, the Removing Defendants aver

(continued...)

*See TUA Help Save East Cleveland vs. XEROX Corp., et al.*, CV-14-824122 (Ct. Com. Pl. Cuyahoga Ct.)(Collier-Williams, J.)  Plaintiff, who also sought to "join" Black on Black Crime c/o Art McKoy, Peace in the Hood c/o Abdul Latif, and Oppressed Peoples Nation c/o Kevon Smith as interested party Plaintiffs pursuant to Ohio Civil Rule 19(A), requested the deactivation and/or removal of all automated camera and civil traffic enforcement systems in the City of Cleveland and the City of East Cleveland, as well as restitution and damages.

*Removal-Procedurally Proper*

On April 21, 2014, Defendants Xerox and American Traffic Solutions, *fka* ATS (collectively, "Removing Defendants") filed a Notice to Remove the case to the District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1331.  Arguing Plaintiff is alleging federal civil rights violations, the Defendants maintain this Court has federal question jurisdiction.

In its Notice to Remove, the Xerox Defendants state they were not served with a copy of the Summons and Complaint prior to removal.  The ATS Defendants aver they were served on March 31, 2014.  The remaining Defendants aver they were served a copy of the Summons and Complaint, as follows: the Cleveland Clerk of Court, City of East Cleveland, and East Cleveland Municipal Court were served on March 27, 2014, and the City of Cleveland was served on March 28, 2014,

---

[1](...continued)
that "the new defendants consent to and join in this Notice of Removal." (Doc. No. 1 at 2).

all dates within thirty days before the Notice was filed.

Two days after filing its Removal, Xerox filed a Motion to Dismiss for failure to state a claim. (Doc. No. 4). On April 28, 2014, Defendants ATS, City of East Cleveland, East Cleveland Municipal Court and Defendants City of Cleveland and Cleveland Clerk of Court each collectively filed separate Motions to Dismiss. (Doc. Nos. 5 & 7). Plaintiff opposed the Removal and filed a Motion to Remand on April 30, 2014.(Doc. No. 8). A Joint Motion for Conference/Hearing filed by the Removing Defendants is also pending. (Doc. No. 11).

The "rule of unanimity" mandates that all defendants join in a petition to remove a state case to federal court. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n. 3 (6th Cir.1999), *cert. denied*, 528 U.S. 1076 (2000) ("The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal.") All of the Defendants who were served removed this action within thirty days of service. Moreover, because all of the remaining Defendants consented to removal, the matter was timely removed to this Court. *See* 28 U.S.C. § 1446(b).[2]

---

[2]Plaintiff argues removal is defective because he believes Attorney Christopher Bator is "representing"all the Defendants in this action. Based on this theory, he argues a conflict of interest exists that should bar Mr. Bator from proceeding. The facts belie this argument, however. The record clearly demonstrates Mr. Bator only entered an appearance on behalf of
(continued...)

*Standard of Review - Removal*

A defendant may remove to federal court only state court actions that originally could have been filed in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  As courts of limited jurisdiction,  federal district courts must proceed cautiously to determine whether they have subject matter jurisdiction. *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1252 (6th Cir.1996).  This Court must give "due regard" to the power reserved to the states, under the Constitution, to provide for the determination of controversies in the state courts. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).  Accordingly, removal statutes must be construed strictly to promote comity and preserve jurisdictional boundaries between state and federal courts. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir.1994).

To justify removal, a defendant need only include in the notice of removal "a short and plain statement of the grounds for removal ...."  28 U.S.C. § 1446(a).  "All doubts as to the propriety of removal are resolved in favor of remand."  *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir.1999).  Whether the claim could have been brought in federal court must be based on the 'well-pleaded complaint.' *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

---

[2](...continued)
Xerox, and its agents.

*Pro Se Limitations*

As a threshold matter, Plaintiff has filed this action on behalf of "TUA Help Save East Cleveland Project." However, in all courts of the United States, a party may only personally plead and conduct his or her own case. *See* 28 U.S.C. § 1654. In the Sixth Circuit, a corporation cannot appear in federal court except through an attorney. *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir.1970); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir.19 69); *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984); *National Ass'n of Credit Management v. Hubbard Lumber, Inc.*, 831 F.Supp. 588, 592 (W.D.Mich. 1993). Regardless of TUA's corporate status, Pastor Thompson can only represent himself *pro se. See Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir.1982) ("By law an individual may appear in federal courts only pro se or through legal counsel.")

Plaintiff cannot proceed *pro se* to represent the interests of TUA. Because Pastor Thompson appears to identify himself as an alternate party Plaintiff, the Court will now examine whether he alleges any personal injury for which he has standing.

*Lack of Standing*

Under the removal statute, 28 U.S.C. § 1441(a), a case must "be fit for federal adjudication at the time the removal petition is filed." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996). Before

-5-

turning to the merits of the case, however, this Court must first decide Article III standing issues, even if they are not raised by the parties. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 90 (1998) (stating that "'a court is bound to ask and answer [a jurisdictional question] for itself, even when not otherwise suggested'")(citation omitted).

Article III of the United States Constitution limits the jurisdiction of federal courts to actual "Cases" and "Controversies." U.S. CONST. ART. III, § 2, cl. 1. To satisfy this "case-or-controversy" requirement, "a plaintiff must establish three elements: (1) an injury in fact that is concrete and particularized; (2) a connection between the injury and the conduct at issue--the injury must be fairly traceable to the defendant's action; and (3)[a] likelihood that the injury would be redressed by a favorable decision of the Court." *Blachy v. Butcher*, 221 F.3d 896, 909 (6th Cir.2000) (internal quotation marks omitted); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)(noting that "the core component of standing is an essential and unchanging part of the case-or-controversy requirement").

Within the first paragraph of the Complaint, it states:

> Defendants' automated camera civil traffic enforcement systems violates [sic] and disregard *Jodka v Cleveland* 2014-Ohio-208 journalized on January 23rd, 2014. And therefore are violations of the law in that the continued use/practice of these systems do [sic] *violate the Civil Rights of Plaintiff* and all the people living in and

-6-

>>traveling through these cities. Furthermore the use of Defendants unconstitutional enforcement system have [sic] and continue to hinder due process.

(Doc. No. 1 at 12)(emphasis added). From that point forward, the Complaint contains general allegations that the Defendants' are violating the Constitutional rights of the "cities' already poverty stricken people." Moreover, "Defendants' automated camera civil traffic enforcement systems and devices are saturated in predominately Black and Poor minorities in Cleveland, and East Cleveland, causing further oppression and loss of Police manpower." *Id.*

Even when Plaintiff includes himself in the class of affected parties, any injury alleged is speculative. These allegations fail to establish standing to bring a lawsuit in federal court. *See Lujan*, 504 U.S. at 561(federal jurisdiction must be established by the three elements that constitute the "irreducible constitutional minimum of standing").

Plaintiff does not allege what injury he personally suffered as a result of the Defendants' actions. Instead, he cites *Jodka v. Cleveland*, No. 99951, 2014 WL 265797 (Ohio App. 8 Dist. 2014) for the proposition that the cameras are *per se* unconstitutional and must be removed. In *Jodka*, the Eighth District Appellate Court found that Cleveland Codified Ordinance (C.C.O.) 413.031 unconstitutionally usurped the authority of the Cleveland Municipal Court to adjudicate certain traffic infractions. *Id.* Unlike the Plaintiff, Jodka received a notice of liability pursuant to C.C.O.

413 .031. Plaintiff does not allege he received a citation under the city ordinance which adopts the civil enforcement system for red light and speeding offenders. In other words, he fails to allege a concrete injury. Without an injury, there cannot be "a connection between the injury and the conduct at issue [which is] . . . fairly traceable to the defendant's action." *Blachy*, 221 F.3d at 909.

Therefore, even if Plaintiff's allegations under the Fourteenth Amendment of the United States Constitution invoke federal question jurisdiction, he failed to establish standing to raise these claims in federal Court.

*Conclusion*

Based on the foregoing, Plaintiff has failed to establish standing to raise a federal claim for relief. Based solely on the reasons set forth in this Opinion, Plaintiff's Motion to Remand (Doc. Nos. 8) is granted and the Defendants' Motions to Dismiss (Doc. Nos. 4, 5 & 7) are effectively granted. The Defendants' Joint Motion for Conference (Doc. No. 11) is denied as moot. The Court declines to exercise supplemental jurisdiction over any state law claims that may remain. *See* 28 U.S.C. § 1367(b). Accordingly, this action is dismissed without prejudice and remanded back to the Cuyahoga County Court of Common Pleas. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

---

[3]28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in forma pauperis if the trial
(continued...)

    IT IS SO ORDERED.

                                            s/ Christopher A. Boyko
                                            CHRISTOPHER A. BOYKO
                                            UNITED STATES DISTRICT JUDGE

DATED: May 13, 2014

---

[3](...continued)
court certifies in writing that it is not taken in good faith."